**IN THE COURT OF APPEALS OF IOWA**

No. 20-1722
Filed March 3, 2021

**IN THE INTEREST OF E.M. and A.M.,**
**Minor Children,**

**P.M., Father,**
        Appellant.

_____


        Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.


        A father appeals the adjudication of his two children as in need of assistance.  **AFFIRMED IN PART AND REVERSED IN PART.**


        Mark D. Fisher, Cedar Rapids, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Robert Davison, Cedar Rapids, attorney and guardian ad litem for minor children.


        Considered by Mullins, P.J., Greer, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

The father of E.M., born 2013, and A.M., born 2015, appeals the adjudication of the children as in need of assistance (CINA).[1] We review CINA adjudications de novo with our primary focus on the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

This case began in district court, with the mother filing a petition for relief from domestic abuse (which was later dismissed), followed by a petition for dissolution of marriage. A September 18, 2020 temporary order granted the parents joint legal custody of the children, with the mother having physical care.[2] The father was granted visitation every other weekend plus one overnight each week. Although noting the animosity between the parties, the court found "both parties were active participants in the lives of their children."

In early October, the Iowa Department of Human Services (DHS) became involved with the family upon reports that the father was using methamphetamine while caring for the children. In addition, there were concerns the father had guns and knives in his home that were easily accessible to the children. A child-abuse assessment of the allegations was founded against the father for "dangerous substances" but unconfirmed for "denial of critical care." A temporary removal order was entered in juvenile court on November 5, and, on November 6, the State filed a petition alleging the children were in need of assistance. After a December 14 combined removal, adjudication, and dispositional hearing, the children were

---

[1] The mother stipulated to the adjudication and does not appeal.
[2] The order was entered contingent upon the mother returning with the children from her parents' home in Texas to Iowa. She did so, and a follow-up order dated October 13, 2020, affirmed the remaining terms of the initial order.

adjudicated CINA, pursuant to Iowa Code sections 232.2(6)(c)(2), (n), and (p) (2020).  The father appeals.

Iowa Code section 232.2(6)(c)(2) defines a CINA as a child "who has suffered or is imminently likely to suffer harmful effects as a result of . . . the failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child."  The father did not specifically address the "imminently likely" portion of the statute but rather claims there was no evidence he "has ever failed to exercise a reasonable degree of care in supervising" because there was no evidence he "actively used any substance while caring for the children."

The father testified he used methamphetamine and marijuana "off and on" for many years and, more specifically, admitted to using methamphetamine "three or four times" during the summer of 2020.  Although the father insisted he had not used methamphetamine since August, drug testing he submitted on October 22 was positive for methamphetamine, amphetamines, and marijuana.  A DHS worker confirmed the father had care of the children the night before the test was administered.  A specific incident resulting from the lack of reasonable care was not presented, nor is it required under the "imminently likely" standard.  However, our case law supports that when there is a juxtaposition of using illegal substances while being the sole caretaker of children, intervention of the State to protect the children under section 232.2(6)(c)(2) is justified.  *See J.S.*, 846 N.W.2d at 39.  A parent who has an unresolved and chronic drug addiction is not a safe placement for a child.  *See In re A.B.*, 815 N.W.2d 764, 766 (Iowa 2012).

More, however, is required to be proved for an adjudication under section 232.2(6)(n), which defines a CINA as a child "[w]hose parent's . . . mental capacity

or condition . . . or drug or alcohol abuse *results* in the child not receiving adequate care." Iowa Code § 232.2(6)(n) (emphasis added). This section does not include the term "imminently likely" found in section 232.2(6)(c)(2) but rather requires proof of facts that a lack of adequate parental care has already occurred. The father is correct that proof of this element is scant. Although the mother did report to DHS that the children returned from a visit with the father "unkempt" and "hungry," we hesitate to place too much weight on those observations due to the ongoing dissolution of marriage and custody fight. Moreover, although the child-abuse assessment was founded for dangerous substances, it was unconfirmed for denial of critical care. More is required under our "clear and convincing" standard to adjudicate under 232.2(6)(n). We therefore reverse the adjudication as to section 232.2(6)(n).

The final section the court adjudicated under was 232.2(6)(p), which defines a CINA as a child "[w]hose parent . . . possesses . . . a dangerous substance in the presence of a child." The father asserts there was no evidence to support this finding because there was no proof he ever used illegal substances in the children's presence. However, over the father's continual denials, the drug testing performed the day after the children's last visit with the father conclusively determined the father was using illegal substances during this period and denying it to DHS. In addition, the child abuse assessment referenced above and entered into the record was founded against the father for "dangerous substances" with the safety assessment finding of "unsafe." We affirm the court's findings as to section 232.2(6)(p).

Next the father asserts that even if the adjudication is affirmed, the evidence did not support that removal was necessary. However, we cannot go back in time and restore custody based on alleged errors in the initial removal order. *See In re Meek,* 236 N.W.2d 284, 288 (Iowa 1975). He also claims continued removal is not necessary to protect the children and his visitation should revert to unsupervised visits every other weekend and one mid-week overnight visit, as provided for in the temporary dissolution of marriage order. However, the temporary order was entered prior to the father testing positive for using illegal substances after having the children in his care. While the father continued to deny he needed any type of substance-abuse counseling or treatment at the December hearing, to his credit, he said he "wouldn't object to such treatment." We find no reason to disturb the juvenile court visitation restrictions until the father shows he has complied with the protective provisions of the juvenile court order.

After the close of the evidence, the juvenile court summarized its decision as:

> I see a lot of family law undercurrent here, which is not what we're doing here in Juvenile Court. But what is extraordinarily concerning to me is the fact that we had a UA positive for meth during such time that the father is stating he was not using and during which time he was a caretaker for his children. He did have a positive hair stat test, which he's explaining away by using over the summer.
>     . . . .
>     . . . [T]his will not be a playground for fighting out the dissolution and the custody orders. Obviously, these attorneys know that will come in a different forum. The focus here is going to be the services that we need to get in place so that the children and their father can be around each other at any point in time safely, unsupervised.

The juvenile court's spoken findings from the bench as well as its written order well reflect the evidence presented. We therefore affirm the adjudication under Iowa

Code section 232.2(6)(c)(2) and (p) but reverse as to (n).  We affirm the remainder of the juvenile court order.

**AFFIRMED IN PART AND REVERSED IN PART.**